Davis, J.
From the time that Silas Raymond entered into the agreement with his son, Leonard, in respect to the one hundred and thirty-eight acre tract in controversy here, the latter had a substantial equity in the land, an equity which grew in value with the lapse of time. By the express terms of the agreement, in case of the son’s death before complete performance on his part it was provided that the equitable interest of his estate in the premises should be in proportion as the amount of fulfillment by him is to the whole value of the land, but in no event to be less than $3,000.00. This equitable interest, as between the parties to the *61 agreement and their privies in estate and all parties having knowledge of the conditions of Leonard’s possession, was such that, so long as he continued to perform his contract, Silas could not convey the legal title free from the equity, and this interest of Leonard was clearly property which he could devise.
At the time of Leonard’s death, he had been in possession of the land and had faithfully performed the conditions on his part for a period of eight years and seven months. Meantime his mother had died, and, as the event proved, he needed only to have performed his agreement ten and one-half months longer, when he would have fully performed and would have been entitled to have his equity merged in the legal title. But this was not to be and he met the situation with his last will and testament. He had acquired the thirty-three acre tract by deed and this tract, together with all his interest in the one hundred and thirty-eight acre tract under the agreement with his father, he' devised and bequeathed to his two sisters, Sophia and Sophronia and their heirs and assigns, “on condition that they hold it together jointly during their lives and in case of death of either the use of the above to revert to the survivor, her heirs or assigns (unless otherwise provided by the deceased).” The clause in parenthesis merely gave to the devisee dying first a power of disposition by will, at least that is the only intelligible meaning which we have been able to give to it. Sophia died before Sophronia and without having exercised the power of appointment; so that under the will Sophronia and her heirs and assigns sue *62 ceeded by survivorship to the ownership of the thirty-three acre tract and the equities of Leonard, the testator, in the one hundred and thirty-eight acre tract. It was not in the power of Silas, the father, to thwart or prevent the succession under the will except by refusal to accept the fulfillment of Leonard’s contract by his devisees; but this he did .not do. On the contrary, both he and the devisees consented to and ratified the conditions of the will in the contract of January 8, 1881; and the sisters could not take both under and against the will. That is to say, they could not take the thirty-three acres by devise and claim the one hundred and thirty-eight acres by purchase. Therefore the quit-claim by Silas in the last mentioned contract was not a conveyance of the one-hundred and thirty-eight acres upon a new and distinct consideration and so a deed of purchase, but was in fact and was intended to be a conveyance in subordination to the will of Leonard and to carry out its true intent and purpose. Our conclusion is that the defendant in error never acquired any interest whatever in either tract of land; and in accord with these views the judgment of the circuit court is reversed as to the one hundred and thirty-eight acres, affirmed as to the thirty-three acres, the cross-petition dismissed, and judgment is given for the plaintiffs in error.

Reversed.

Shauck, Price, Johnson and Donahue, JJ., concur.